UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER HUDSON,

    Plaintiff,

v.

CITY OF HIGHLAND PARK, MICHIGAN,
et al.,

    Defendants.
                                     /

Case No. 2:16-cv-12369

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART HIGHLAND PARK DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [62] AND GRANTING LEONA GROUP DEFENDANTS' MOTION TO DISMISS [63]**

After the City of Highland Park terminated Plaintiff Peter Hudson's employment, Hudson filed suit against Defendants City of Highland Park, Highland Park Fire Chief Derek Hillman, Highland Park Human Resources Director Makini Jackson, the Leona Group, LLC, and Carmen Willingham. Hudson raised eight causes of action based on religious discrimination and related state-law contract and invasion-of-privacy claims. The Highland Park Defendants moved for judgment on the pleadings or to dismiss and the Leona Group Defendants moved to dismiss. For the reasons stated below, the Court will grant in part and deny in part the Highland Park Defendants' motion and will grant the Leona Group Defendants' motion.

**BACKGROUND**

The City of Highland Park employed Hudson as a full-time firefighter. Also, Hudson worked part-time for Leona Group, LLC (at the Highland Park Renaissance Academy, a local charter school) as a handyman and coach. Hudson alleges that Hillman and Jackson suspended his employment because he claimed pay as a Fire Engine Operator, and then

terminated his employment because he had claimed to work for the Leona Group while he was working for the Fire Department.

Hudson alleges that Leona Group principal Carmen Willingham provided his timesheets—without his permission— to Hillman and Jackson. The timesheets showed that Hudson claimed to work for Leona Group on the same week days he claimed to have worked at the fire station. Hudson submits that he actually worked for Leona on the weekends, and Willingham instructed him to record his weekend work as weekday work on the timesheets because the school's payroll system would not allow her to pay him for weekend work.

Hudson claims to be a devout Christian. He alleges that Hillman and Jackson discharged him based on his Christian faith and his outspoken criticism of sexual misconduct in the firehouse. Hudson contends that—as a result of sexual misconduct—his co-workers were not present for duty during fire alarms, and neglected to maintain life-saving equipment like oxygen tanks. After he was terminated, Hudson filed an amended complaint. ECF 61. The Highland Park Defendants timely moved for judgment on the pleadings or to dismiss for failure to state a claim, ECF 62, and the Leona Group Defendants timely moved to dismiss for failure to state a claim. ECF 63.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. If a complaint's allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face'" then the Court must grant a motion to dismiss. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citation omitted) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must grant dismissal. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Rule 12(c) provides for judgment on the pleadings. The Court analyzes 12(b)(6) and 12(c) motions in the same manner because both test whether the complaint "met the minimal requirements of notice pleading." *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 855 (6th Cir. 2001).

## DISCUSSION

I. <u>Highland Park Defendants' Motion for Judgment on the Pleadings and Motion to Dismiss [62]</u>

Hudson brought five claims against the Highland Park Defendants: (1) Disparate treatment and hostile work environment as to City of Highland Park, 42 U.S.C. § 2000e-2; (2) Disparate treatment, suspension and discharge as to City of Highland Park, 42 U.S.C. § 2000; (3) Deprivation of right to freedom of speech as to Hillman, Jackson, and City of Highland Park, 42 U.S.C. § 1983; (4) Deprivation of Due Process as to Hillman, Jackson, and the City of Highland Park, 42 U.S.C. § 1983; and (5) Breach of Contract as to City of Highland Park. The Highland Park Defendants did not address—or dispute—whether Hudson has alleged sufficient factual allegations to satisfy basic pleading requirements. Rather, they argue that qualified immunity bars all of Hudson's claims.

3

The qualified-immunity doctrine "'shield[s]' public officials from money-damages liability if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)). "Plaintiff bears the burden of showing that defendants are not entitled to qualified immunity." *Chappell*, 585 F.3d at 907. To defeat qualified immunity, the Plaintiff must establish that "a constitutional right was violated" and "that the right was clearly established." *Id.* The Court looks "first to decisions of the Supreme Court, then to decisions of [the Sixth Circuit] and other courts within our [C]ircuit, and finally to decisions of other circuits" to determine whether a right is clearly established. *Thomas v. Cohen*, 304 F.3d 563, 580 (6th Cir. 2002) (quotations omitted).

A. <u>Count One - Religious Discrimination: Hostile Work Environment</u>

Hudson claims that the City of Highland permitted severe and pervasive religious harassment to occur in violation of 42 U.S.C. § 2000e-2(a)(1). ECF 61 ¶¶ 71–81. And in arguing that qualified immunity bars Hudson's claim, the City is mistaken "because a municipality is not entitled to qualified immunity." *Pollard v. City of Columbus*, 780 F.3d 395, 401 (6th Cir.), *cert. denied*, 136 S. Ct. 217 (2015). Highland Park "is not eligible for qualified immunity because it is a city, not an individual." *Hidden Vill., LLC v. City of Lakewood*, 734 F.3d 519, 523 (6th Cir. 2013). Therefore, Highland Park's request for qualified immunity must be denied.

4

B. Count Two - Religious Discrimination: Wrongful Discharge

Hudson claims that Highland Park suspended and discharged him based on his religion in violation of 42 U.S.C. § 2000e-2(a)(1). ECF 61 ¶¶ 82–99. Again, Highland Park's request for qualified immunity must be denied. *Pollard*, 780 F.3d at 401 ("[A] municipality is not entitled to qualified immunity[.]").

C. Count Three - Free Speech Deprivation: 42 U.S.C. § 1983

Hudson alleges that Highland Park, Hillman, and Jackson acted under color of law to violate his First Amendment right to free speech. ECF 61 ¶¶100–08. Defendants do not directly address this cause of action in their motion to dismiss. Rather, they argue generally that qualified immunity precludes Hudson's claim.

As a threshold matter, "qualified immunity [is] a defense available only to individual government officials sued in their personal capacity." *United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 484 (6th Cir. 2014). "Defendants sued in their official capacities are not eligible for qualified immunity." *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011). Therefore, to the extent Hillman and Jackson seek qualified immunity in their official capacity as Highland Park Fire Chief and Human Resources Director, their requests must be denied.

As to personal liability, however, Hudson has not met his burden to overcome Hillman's and Jackson's qualified immunity. Although public employees have a clearly established constitutional right under the First Amendment to be free from retaliation because of speech on "a matter of public concern," *Connick v. Myers*, 461 U.S. 138, 147 (1983), Hudson failed to plead sufficient facts to show a violation of that right. "To state a claim for relief under § 1983 for a First Amendment retaliation claim, a plaintiff must show

5

that: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012).

Hudson's complaint alleges that he routinely spoke out about the adverse impact of sexual misconduct in the Fire Department: decreased morale of department personnel, poorly maintained equipment, fire-fighters failing to respond to fire alarms, increased response time to emergencies, reduced effectiveness in fire-fighting capability, and damage to the department's reputation in the community. ECF 61 ¶ 103. These are issues of public concern because they relate to the readiness of first responders to provide emergency services. Additionally, Hudson has shown he suffered an adverse action: suspension and termination. *Id.* ¶ 106. But Hudson has not sufficiently established the third element—causation—to show a violation of his constitutional right to free speech. His allegations that connect his discharge to his speech are conclusory. *Id.* ¶¶ 39, 60. Although Hudson alleges that Hillman told another fire-fighter that "he was tired of Hudson's complaints," *id.* ¶ 30, that claim alone is insufficient to show that Hillman and Jackson fired Hudson because of his speech regarding sexual misconduct in the Fire Department. Thus, Hillman and Jackson are entitled to qualified immunity—in their personal capacities—from Hudson's First-Amendment claim.

D. <u>Count Four - Deprivation of Due Process: 42 U.S.C. § 1983</u>

Hudson alleges that Highland Park, Hillman, and Jackson violated his constitutional right to a pre-termination notice and hearing while acting under color of law. *Id.* ¶¶ 109–29.

Defendants failed to directly respond to this count and instead argue for blanket qualified immunity.

Hudson had a property right in continued employment with the Fire Department because his contract barred discharge without "just cause." ECF 61, PgID 1387. As a result, Hudson had clearly established constitutional due-process rights related to his employment. *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). When an employee has a property right in continued employment, due process requires the state to provide pre-termination "notice of the charges against him or her, an explanation of the employer's evidence, and an opportunity to present his or her side of the story to the employer." *Buckner v. City of Highland Park*, 901 F.2d 491, 494 (6th Cir. 1990).

Hudson claims he did not receive adequate notice prior to his termination. Specifically, Hudson alleges that he and his union representative had scheduled a meeting with Hillman and Jackson to dispute his suspension for claiming Fire Engine Operator pay. At the meeting, Hudson contends that—without any prior warning—Hillman and Jackson terminated his employment because he "improperly claimed hourly wages at the [Leona Group] school when he was actually working for the City." ECF 67, PgID 1919; *see also* ECF 61 ¶ 113. Assuming his claim is true—as the Court must when reviewing the sufficiency of the pleadings under a motion to dismiss—Hudson did not receive adequate pre-termination notice of the reason for his discharge. Hudson's complaint sufficiently alleges a clearly established constitutional due process violation and therefore defeats Hillman's and Jackson's claims for qualified immunity. *Lane v. City of Pickerington*, 588 F. App'x 456, 468 (6th Cir. 2014) (holding that qualified immunity was not available because "a jury could find that [plaintiff] was terminated based on allegations not contained in the

7

notice of the pre-disciplinary conference; a reasonable official would thus have known the notice was constitutionally inadequate").

The Defendants argue that Hudson was fired for falsifying his Fire Department timesheets, not his Leona Group timesheets. Not only does this argument fail to accept Hudson's allegation as true, but also it "conflates the clearly established procedural right at issue with the reason for the termination, and ignores the patent inadequacy of the notice." *Id.* Regardless of why the Defendants discharged Hudson, they allegedly failed to provide pre-termination notice and thus deprived Hudson of a "meaningful opportunity to tell his side of the story." *Id.* (quoting *Loudermill*, 470 U.S. at 545–46). Reasonable officials know that due process bars termination by ambush. Qualified immunity does not bar Hudson's due process claim against Hillman and Jackson.

E. Count Five - Breach of Contract

Hudson claims that Highland Park breached his contract. ECF 61 ¶¶ 130–35. Defendants do not address this claim other than in their general argument that all of Hudson's claims are barred by qualified immunity. But Hudson's claim for breach of contract against Highland Park is not precluded by qualified immunity because—as discussed above—the doctrine does not apply to a municipality. *Pollard*, 780 F.3d at 401.

In sum, the Highland Park Defendants' Motion for Judgment on the Pleadings will be granted in part and denied in part. Qualified immunity is denied to the City of Highland Park. Hillman and Jackson receive qualified immunity—as to their personal liability only—on Hudson's claim for First Amendment retaliation. Qualified immunity is denied to Hillman and Jackson on Hudson's remaining claims.

8

II.   Leona Group Defendants' Motion to Dismiss for Failure to State a Claim

Hudson brought three claims against the Leona Group Defendants: (1) Intentional Interference with a Contract; (2) Public Disclosure of Private Facts; and (3) False Light Invasion of Privacy.

   A. Count Six - Intentional Interference with Contract

"[T]he elements of tortious interference with contract are (1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Erickson's Flooring & Supply Co. v. Tembec, Inc.*, 212 F. App'x 558, 565 (6th Cir. 2007). In addition, a plaintiff must prove "either 'the intentional doing of a per se wrongful act or the intentional doing of a lawful act with malice and unjustified in law for the purpose of invading plaintiff's contractual rights.'" *Id. at* 565–66 (quoting *Feldman v. Green*, 138 Mich. App. 360, 369 (1984)). "The essential thing is the purpose to cause the [breach of contract]. If the actor does not have this purpose, his conduct does not subject him to liability under this rule[.]" *Knight Enters. v. RPF Oil Co.*, 299 Mich. App. 275, 281 (2013) (quotations omitted).

Hudson's claim fails because he has not alleged sufficient facts to show that the Leona Group Defendants provided the timesheets to the Highland Park Defendants "for the purpose of invading plaintiff's contractual rights." *Erickson's Flooring*, 212 F. App'x at 566 (quoting *Feldman*, 138 Mich. App. at 369). Hudson argues, however, that he need not show an intent to instigate the breach, so long as he shows a per se wrongful act "that is inherently wrongful or . . . can never be justified under any circumstances." *Prysak v. R.L. Polk Co.*, 193 Mich. App. 1, 12–13 (1992). According to Hudson, the act of providing inaccurate timesheets to the Highland Park Defendants, without explaining the

9

context—i.e., that the weekday work listed on the timesheets was actually performed on the weekend—was a per se wrongful act because it violated three statutes: Bullard-Plawecki Employee Right to Know Act, Mich. Comp. Laws § 423.505 ("If either the employer or employee knowingly places in the personnel record information which is false, then the employer or employee, whichever is appropriate, shall have remedy through legal action to have that information expunged."), the Fair Labor Standards Act, 29 U.S.C. § 211(c) (requiring every employer to "make, keep, and preserve such records of the persons employed by him"), and Title I of the No Child Left Behind Act of 2001 (20 U.S.C. §§ 6301–7941 (2012)).

Hudson's argument is unavailing. The case law leaves no room for doubt: without an intent to cause a breach, there can be no liability for intentional interference with a contract. *See, e.g.*, *Knight*, 299 Mich. App. at 280–81. Intent is not alleged and Hudson's claim must be dismissed.

### B. Count Seven - Public Disclosure of Private Facts

"This form of invasion of privacy requires that the disclosed information be highly offensive to a reasonable person and of no legitimate concern to the public. To be actionable, the embarrassing information generally must be revealed to the general public or a large number of persons." *Sargent v. Barbara Ann Karmanos Cancer Inst.*, No. 01-73666, 2003 WL 21359350, at *13 (E.D. Mich. Feb. 7, 2003) (citation omitted) (quoting *Fry v. Ionia Sentinel-Standard*, 101 Mich. App. 725, 728 (1980)). The Leona Group Defendants argue that the release of Hudson's time sheet did not include embarrassing or highly offensive information and thus, the count fails to state a claim.

The Court agrees. The timesheets contained wage information and did not contain the kind of embarrassing information that could give rise to a claim for public disclosure. *See, e.g., Doe v. Mills*, 212 Mich. App. 73, 80 (1995) (holding that "plaintiffs have alleged a prima facie case of public disclosure of embarrassing private facts" based on protesters carrying signs in public that "disclosed information publicizing [plaintiffs'] decision to have an abortion"). Hudson argues, however, that the timesheets revealed private information because they showed when he was away from home, and thus when his wife was home alone, which invades the sanctuary of his home. His argument is unpersuasive because being away from home is not information "highly offensive to a reasonable person." *Sargent*, 2003 WL 21359350, at *13. His claim fails as a matter of law.

C. <u>Count Eight - False Light</u>

"In order to maintain an action for false-light invasion of privacy, a plaintiff must show that the defendant broadcast to the public in general, or to a large number of people, information that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct, or beliefs that were false and placed the plaintiff in a false position." *Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 631–32 (1993). The Leona Group Defendants argue that Hudson only alleged the disclosure of information to Chief Hillman. Also, they contend that the timesheet information released was not "unreasonable and highly objectionable." Therefore, they conclude that Hudson has not met the "publicity" or "highly objectionable" elements of a false-light claim.

The Court agrees. Hudson's allegation that Willingham provided Hillman with a copy of the timesheets does not sufficiently state a false-light claim. Willingham did not disclose "unreasonable or highly objectionable material." Rather, she disclosed Hudson's

11

timesheets, which he filled out and verified as accurate. The timesheets showed the days that Hudson claimed to have worked for the Leona Defendants.

Hudson responds that the timesheets were highly objectionable because they "falsely presented him as claiming work time at school when he was really working at the Fire Department." ECF 68, PgID 2142. But as Hudson acknowledges in his complaint, he did in fact claim to work for the Leona Group during times when he was actually working for the Fire Department. ECF 61 ¶ 43. Whether Willingham had a moral responsibility to explain to the Highland Park Defendants that Hudson had actually worked on weekends is a separate question and not for the Court to answer. The Court's inquiry is limited to whether the facts alleged in Hudson's complaint—as a matter of law—state a claim upon which relief may be granted. They do not, because the timesheets did not contain "highly objectionable material," but instead merely show the time Hudson claimed to have worked for the Leona Group Defendants. His false-light claim must be dismissed.

**WHEREFORE** it is hereby **ORDERED** that the Highland Park Defendants' Motion for Judgment on the Pleadings [62] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Leona Group Defendants' Motion to Dismiss [63] is **GRANTED**.

**SO ORDERED**.

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
Dated: June 30, 2017          United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2017, by electronic and/or ordinary mail.

                                          s/David P. Parker
                                          Case Manager